UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOMINGO CARO JR.,<br><br>                             Plaintiff,<br><br>-against-<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>                             Defendant. | Case No. 1:24-cv-04782 (JLR) (GRJ)<br><br>**MEMORANDUM OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

       On June 24, 2024, Plaintiff Domingo Caro Jr. ("Plaintiff") commenced this action seeking judicial review of the Commissioner of Social Security's denial of benefits under 42 U.S.C. §§ 405(g) and 1383(c)(3). Dkt. 1. The Court referred the case to Magistrate Judge Stein on July 2, 2024. Dkt. 7. The parties filed competing requests for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c) on September 25, 2024 and November 19, 2024. Dkt. 9, 13. The referral was subsequently reassigned to Magistrate Judge Jones on April 21, 2025. In the Report and Recommendation ("R&R") filed on April 29, 2025, Magistrate Judge Stein recommended that Plaintiff's motion be granted, the Commissioner's request be denied, and the matter be remanded for further proceedings. Dkt. 15 ("R&R") at 2.

      In reviewing an R&R, a district court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). To accept "uncontested portions of a report and recommendation, 'a district court need only satisfy itself that there is

1

no clear error on the face of the record.'" *Qlay Co. v. Owen*, No. 21-cv-01784 (JLR), 2024 WL 4769718, at *1 (S.D.N.Y. Nov. 13, 2024) (quoting *Gomez v. Brown*, 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009)). "A decision is 'clearly erroneous' when the reviewing Court is left with the definite and firm conviction that a mistake has been committed." *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-cv-4394 (AJN), 2018 WL 1750595, at *21 (S.D.N.Y. Apr. 11, 2018) (quoting *Courtney v. Colvin*, No. 13-cv-02884 (AJN), 2014 WL 129051, at *1 (S.D.N.Y. Jan 14, 2014)).

Here, the R&R warned the parties that they had fourteen days from the service of the R&R to file any objection and warned that "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal." R&R at 25. The R&R also cited 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), under which the parties had fourteen days from service of the R&R to file written objections. *Id.* That time has expired, and no objections have been filed. Accordingly, the parties have waived their right to object to the R&R or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) ("[F]ailure to object timely to a report waives any further judicial review of the report.").

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the Court has reviewed the R&R for clear error. The Court finds that the report is comprehensive and clear from error, and therefore adopts Magistrate Judge Jones's R&R in its entirety. *See Qlay*, 2024 WL 4769718, at *1, *Casablanca v. Commissioner of Social Security*, No. 22-cv-09290 (NSR) (VR), 2025 WL 1009389, at *2 (S.D.N.Y. Apr. 4, 2025).

The Court grants Plaintiff's motion for judgment on the pleading and denies the Commissioner's motion. The case is remanded for further administrative proceedings

pursuant to section 405(g) of the Social Security Act. The Clerk of Court is respectfully directed to terminate the case.

Dated: May 15, 2025
      New York, New York

                                         SO ORDERED.

                                         JENNIFER L. ROCHON
                                         United States District Judge